FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 07, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTHER S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI,[2] COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 1:20-cv-03230-LRS <br><br><br> ORDER DENYING MOTION TO DISMISS |

BEFORE THE COURT is the defendant's Motion to Dismiss. ECF No. 15. On February 24, 2020, an administrative law judge (ALJ) denied plaintiff's claim for disability insurance benefits. ECF No. 15-1 at 5-19. Plaintiff requested review of the ALJ's decision by the Appeals Council. On October 2, 2020, the Appeals Council denied plaintiff's request for review. ECF No. 15-1 at 3, 24-26. The Notice

---

[1] Plaintiff's last initial is used to protect her privacy.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. The Court therefore substitutes Kilolo Kijakazi as the Defendant and directs the Clerk to update the docket sheet.

ORDER - 1

of Appeals Council Action advised plaintiff of the right to ask for court review of the ALJ's decision and indicated any action must be filed within 60 days after receipt of the notice. "We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." ECF No. 15-1 at 25.

On December 9, 2020, plaintiff filed this action. ECF No. 1. The Complaint indicates that Tree Law Office did not open the Notice of Appeals Council Action dated October 2, 2020, until November 4, 2020. ECF No. 1 at 2. Concurrent with filing the Complaint, plaintiff filed the Declaration of Heather Juarez which indicates that on November 4, 2020, she was "tasked with assisting in catching up on the mail" for Tree Law Office, and that on that date she opened the Appeal Council denial dated October 2, 2020. ECF No. 3.

Defendant moves for dismissal of the Complaint based on the presumption that plaintiff received the letter five days after October 2, 2020. Defendant calculates the 60-day filing deadline as December 7, 2020, two days before plaintiff filed this action. ECF No. 15. Plaintiff calculates the 60-day period to file an action from November 2, 2020, based on the Declaration of Heather Juarez and asserts the earliest filing deadline would have been December 31, 2020, in which case plaintiff's filing was timely. ECF No. 1 at 2.

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him

ORDER - 2

of notice of such decision." 42 U.S.C. § 405(g). The regulations provide that, "[t]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). The plaintiff bears the burden to rebut the presumption and if she succeeds, the burden shifts to the government to show proof of receipt more than sixty days before the complaint was filed in district court. *See Ashe v. Saul*, 983 F.3d 1104, 1106 (9th Cir. 2020). Whether a claimant has made a "reasonable showing" rebutting the presumption is a highly fact-dependent inquiry. *Id.* at 1107.

To further rebut the presumption of receipt of notice, plaintiff cites the later-filed Declaration of Karina Serrano, ECF No. 17, which indicates that it is her job to process Appeals Council notices received at the Tree Law Office. ECF No. 16 at 9-10. Ms. Serrano states that she was on medical leave from October 6 to October 20, 2020, and attests that when she returned to work, she reviewed all Appeals Councils decisions that had been received during her absence. At that time, the notice in this case had not been received. ECF No. 17. She asserts the notice "would have been received" at the office sometime between November 2 and November 4, 2020, ECF No. 17 at 3, although the basis for this assertion is unclear. Regardless, Ms. Serrano's declaration establishes notice was not received by Tree Law Office as of October 20, 2020.

Plaintiff also points to news reports of delays or backlogs in mail service locally and throughout the nation at various times during the period of August to

ORDER - 3

1   November 2020 caused by the impact of COVID-19, changes in the U.S. Postal

2   Service, and mail-in voting for the presidential election. ECF No. 16 at 5-6.

3   Additionally, the defendant filed three motions for additional time to file an answer

4   due to delays in preparing the administrative records caused by the impact of the

5   COVID-19 pandemic. ECF Nos. 9, 11, 13. All three requests for extension of time

6   were unopposed and were granted, resulting in a four-month delay before the

7   Motion to Dismiss was filed. In none of those motions did the defendant assert or

8   imply that the Complaint was not timely filed. *See* ECF Nos. 9, 11, 13.

9   　　The court notes that the Appeals Council decision was addressed to plaintiff

10  and copied to Tree Law Office, yet the record does not establish by declaration or

11  otherwise that plaintiff herself did not receive the Appeals Council notice mailed to

12  her address. ECF No. 15-1 at 3, 24. Nevertheless, after considering the unique facts

13  and circumstances of this case, the court concludes plaintiff has reasonably rebutted

14  the presumption of receipt of notice. The burden shifts back to the defendant to

15  show actual notice was received, *see Ashe* at 1108, and there is no such showing

16  here. Therefore, the court finds the Complaint was timely filed.

17  　　Even if plaintiff failed to adequately rebut the presumption, the court is

18  mindful that dismissal would be a harsh consequence to a potentially deserving

19  claimant. The multiple extensions of time received by defendant after at most a two-

20  day delay in filing the Complaint offset any arguments related to strictly construing

21  the filing deadline for purposes of speedy resolution. *See* ECF No. 15 at 8.

ORDER - 4

THEREFORE, Defendant's Motion to Dismiss, **ECF No. 15**, is **DENIED**.

The deadline for filing the administrative record is extended to **October 8, 2021.**

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** September 7, 2021.

*[signature]*

LONNY R. SUKO
Senior United States District Judge

ORDER - 5